UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

GEORGE TURNER,

                              Plaintiff,

              -against-

MEGAN MELE, NEW YORK CITY POLICE
DEPARTMENT, CITY OF NEW YORK; DETECTIVE
DARU DONAWA, DETECTIVE THOMAS HANDLEY,

                         Defendants.

-------------------------------------------------------------------- x

**ANSWER TO THE
COMPLAINT ON BEHALF
OF THE CITY OF NEW
YORK**

15 CV 0074 (NG)(SMG)

Jury Trial Demanded

        Defendants City of New York and the New York City Police Department (or "City defendants"),[1] by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        Deny the allegations set forth in the unnumbered paragraph on page 1 of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

        2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

        3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

---

[1] According to the Court Docket, Detectives Daru Donawa and Thomas Handley have not yet been served with Process.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.      Deny the allegations set forth in paragraph "14" of the complaint.

15.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff was arrested on November 21, 2013.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     The allegations sets forth in paragraph "32" of the complaint are conclusions of law not averments of fact, accordingly no response is warranted.

33.     Deny the allegations set forth in paragraph "33" of the complaint, except admit that the City of New York employed Detective Daru Donawa as a Police Detective on November 21, 2013.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint, except admit that the District Attorney's Office of Queens County dismissed the charges against the plaintiff on November 3, 2014.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint, except admit that the plaintiff was arrested on May 28, 2014.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint, except admit that the District Attorney's Office of Kings County dismissed the charges against plaintiff on August 28, 2014.

47.     Deny the allegations set forth in paragraph "47" of the complaint, except admit that the City of New York employed Thomas Handley as a Police Detective on May 28, 2014.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Paragraph "49" states a conclusion of law and not an averment of fact, and therefore, no response is required.

50.     Paragraph "50" states a conclusion of law and not an averment of fact, and therefore, no response is required.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55.    Deny the allegations set forth in paragraph "55" of the complaint.

56.    Deny the allegations set forth in paragraph "56" of the complaint.

57.    The allegations sets forth in paragraph "57" of the complaint are conclusions of law and not an averments of fact, and therefore, no response is required.

58.    Deny the allegations set forth in paragraph "58" of the complaint.

59.    Deny the allegations sets forth in paragraph "59" of the complaint.

60.    In response to the allegations set forth in paragraph "60" of the complaint, defendants repeats and reallege its responses set forth in the preceding paragraphs "1" through "59", inclusive of this answer, as if fully set forth herein.

61.    Deny the allegations set forth in paragraph "61" of the complaint as to the City defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge or actions of others.

62.    Deny the allegations set forth in paragraph "62" of the complaint as to the City defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge or actions of others.

63.    Deny the allegations set forth in paragraph "63" of the complaint as to the City defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge or actions of others.

64.    Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint, except admit that the charges against the plaintiff were dismissed.

67.     Deny the allegations set forth in paragraph "67" of the complaint as to the City defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the knowledge or actions of others.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

68.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

69.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act by defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

70.     There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

71.     Defendants acted within the lawful and proper exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

72.     No punitive damages can be assessed against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

73.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

- 7 -

74.     To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

75.     The New York City Police Department is not a suable entity.

**WHEREFORE,** Defendants City of New York and the New York City Police Department request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              July 24, 2015

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                              City of New York
                              *Attorney for Defendants City of New York and the*
                              *New York City Police Department*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2404

                       By:    /s/
                              Deborah L. Mbabazi
                              *Assistant Corporation Counsel*

To:     VIA ECF
        Tamara M. Harris, Esq.
        *Attorney for Plaintiff*
        The Law Office of Tamara M. Harris
        111 Broadway, Suite 706
        New York, NY  10006

- 8 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No. 15-CV-0074 (NG)(SMG)

GEORGE TURNER,

Plaintiff,

-against-

MEGAN MELE, NEW YORK CITY POLICE
DEPARTMENT, CITY OF NEW YORK; DETECTIVE
DARU DONAWA, DETECTIVE THOMAS HANDLEY,

Defendants.

## ANSWER TO COMPLAINT ON BEHALF OF THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and the New York City Police Department*
*100 Church Street*
*New York, N.Y.  10007*

*by:  Deborah L. Mbabazi*

*Assistant Corporation Counsel*

*Tel:  (212) 356-2404*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................................... , 2015*

*....................................................................... Esq.*

*Attorney for...........................................................................*